IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Simon Allen, Jr., )<br>)<br>) Civil Action No. 6:15-2903-RMG-KFM<br>Plaintiff, )<br>) **REPORT OF MAGISTRATE JUDGE**<br>vs. )<br>)<br>Sgt. Moton, Sgt. Holtzclaw, )<br>Cpl. Grisham, Nurse Donna, )<br>Nurse Sara, Nurse Mary, and )<br>Captain Downey, )<br>)<br>Defendants. )<br>) | |

The plaintiff, a detainee who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

This matter is before the court on the plaintiff's motion for default judgment (doc. 40) filed on September 30, 2015, in which he claims that defendants Moton, Holzclaw, Downey, and Grisham ("the responding defendants") failed to answer his complaint in a timely manner. On October 19, 2015, the responding defendants filed their response in opposition to the plaintiff's motion (doc. 41).

The responding defendants state that they were served with the plaintiff's complaint on August 31, 3015. On September 21, 2015, the responding defendants inadvertently uploaded only the first page of their five page answer via the court's Electronic Case Filing system (doc. 41-1, Patty Sanders aff. ¶ 2). On the first page of the answer that was initially filed, the defendants state:

> 1. That except as is expressly admitted, modified, or explained herein each and every allegation of the Plaintiff's Complaint and/or Amended Complaint as is directed against these defendants is denied and strict proof thereof is demanded.
>
> 2. That investigation is being made into the allegations set forth in the Plaintiff's Complaint and/or Amended Complaint, and accordingly, said allegations are presently denied as framed and strict proof thereof is demanded.
>
> 3. That it is denied the allegations of the Plaintiff's Complaint and/or Amended Complaint rise to the level of a constitutional deprivation and/or a violation of the plaintiff's constitutional rights.

(*See* doc. 36 at 1).

According to the affidavit of defense counsel's employee, on September 21, 2015, the plaintiff was served with a complete copy of the answer by mail (doc. 41-1, Sanders aff. ¶ 2). The plaintiff states in his motion that he received only the responding defendants' answers to Local Civil Rule 26.01 (D.S.C. ) Interrogatories on September 24, 2015 (doc. 40 at 1; doc. 40-1). On September 23, 2015, the Clerk of Court replaced the document entry with the answer in its entirety (doc. 36). Upon receipt of the plaintiff's motion for default judgment, on October 5, 2015, defense counsel's office sent a complete copy of the filed answer to the plaintiff (doc. 41-1, Sanders aff. ¶ 3).

Federal Rule of Civil Procedure 55(a) provides that when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, the responding defendants effectively answered and denied the allegations of the plaintiff's complaint when they timely filed the first page of their answer on September 21, 2015. Accordingly, entry of default and default judgment under Rule 55(b) should be denied.

Furthermore, pursuant to Rule 6(b), the court may, "for good cause, extend the time" to respond to the complaint "on motion made after the time has expired if the party

2

failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether the delay is excusable, a court looks to: "'[1] danger of prejudice to the [opposing party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 260 (4th Cir. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). While the responding defendants have not made a motion for extension of time to plead, the undersigned finds the factors for consideration to nonetheless be appropriate here. Defense counsel quickly discovered the filing error, and the filing was corrected. While the plaintiff disputes being served with the complete answer, defense counsel's employee states that the complete answer was mailed to the plaintiff on September 21st and another complete copy was sent to him on October 5th. There is no danger of prejudice to the plaintiff, and there is no indication that these defendants acted with anything other than good faith.

## CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the district court deny the plaintiff's motion for default (doc. 40). The attention of the parties is directed to the notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

October 22, 2015
Greenville, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).